[Civ. No. 12867. Second Dist., Div. Two.—April 15, 1941.]

UNION SUPPLY AND MILLING CORPORATION (a Corporation) et al., Respondents, v. THE CITY OF LOS ANGELES (a Municipal Corporation) et al., Appellants.

Ray L. Chesebro, City Attorney, S. B. Robinson, Chief Assistant City Attorney, and Everard L. McMurrin, Deputy City Attorney, for Appellants.

Thompson & Thompson and Hindman & Davis for Respondents.

WOOD, J.—This appeal is by defendants from a judgment in plaintiffs' favor in the total sum of $7,000 for damages resulting from the burning of an alfalfa milling plant.

Plaintiff Union Supply and Milling Corporation was the owner of a milling plant used in the manufacture of alfalfa meal through the processing of alfalfa hay. Electricity was furnished by defendants for lighting and power purposes in the operation of the mill, defendant Laner being the employee of the other defendants and the person whose negligence caused the fire. For the purpose of furnishing electricity defendants supplied, constructed, installed and maintained the necessary wires, transformers, meters and testing devices. The fire resulted from the negligence of defendant Laner in performing certain tests and alterations in and about these instrumentalities while the mill was in operation. The plaintiffs other than Union Supply and Milling Corporation are insurance companies which have derived their rights in the litigation through subrogation.

Defendants alleged that the plaintiff milling corporation was guilty of contributory negligence but the trial court found adversely to them on this contention. The only contention made by appellants on appeal is that this finding of the court is not supported by the evidence. Defendants introduced in evidence an ordinance of the city of Los Angeles in which it is provided: "(A) No person shall permit the accumulation of any explosive or inflammable dust in quantities sufficient to create a fire or explosion hazard on electric motors, walls, ledges or other interior surfaces on which dust

may settle. Metallic dust shall be stored in a cool, dry place. (B) Every plant, factory, workshop or other premises in or by which inflammable or explosive dust is created or produced shall be equipped and maintained with an approved pneumatic or mechanical dust-collecting system, so installed, maintained and operated as to keep free from all hazardous accumulation of dust all parts of such premises including all enclosed and inaccessible areas and spaces, excepting only storage bins equipped with explosion vents of sufficient area to release any explosion occurring from the presence of dust accumulation to the outside atmosphere or to an upper story of the building in which such bins are located, which is vented to the outside atmosphere''. It is now argued that the milling company did not comply with the terms of this ordinance.

The record discloses a conflict in the evidence on the question whether the milling corporation complied with the terms of the ordinance and whether any negligence was shown in the operation of the mill. Evidence was introduced on behalf of the milling company to show that no accumulation of explosive or inflammable dust was permitted, that the plant was equipped with a proper dust-collecting system which was properly operated and that the plant was kept in a clean condition. The witness Hoffman, an expert of 20 years experience testified that the dust-collecting system used in the mill was the system usually and ordinarily installed in mills of the kind and that it was 99 per cent efficient, it being impossible to entirely prevent the escape of some dust into the air by the use of the most modern and efficient appliances. The findings are supported by the evidence.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.